**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

————————————

No. 97-60451

————————————

JOSEPH GLASPER,

Plaintiff-Appellant,

versus

SID BOEDEKER SAFETY SHOE SERVICE, INC,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
(2:95-CV-131-B-O)

April 15, 1999

Before EMILIO M. GARZA, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff Joseph Glasper ("Glasper") appeals the district court's denial of his motion for a new trial. We affirm.

I

Glasper sued the defendants, Sid Boedeker Safety Shoe Service, Inc. ("Boedeker") and Heimburger, Incorporated ("Heimburger"), to recover for injuries allegedly caused by the defendants' negligence. Glasper injured his back when he slipped on steps leading to a tractor-trailer where Boedeker sold shoes. Heimburger had manufactured the steps. The jury found that Boedeker was sixty percent negligent, Glasper himself was forty percent negligent, and Heimburger was not negligent. The jury found that the total damages stemming from the accident was $5,000. Glasper

    [*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

filed a motion for a new trial on the issue of damages, which the district court denied. He timely appealed.

We review a district court's ruling on a motion for a new trial for abuse of discretion. *See Dawson v. Wal-mart Stores, Inc.*, 978 F.2d 205, 208 (5th Cir. 1992). The reviewing court gives even more deference to the district court's ruling where, as here, "the district court has denied the new trial motion and left the jury's determination undisturbed." *Id.* Glasper argues that the district court abused its discretion because (1) the district court violated the "collateral source rule" by allowing the defendants to present evidence and argument concerning Glasper's workers' compensation claim, and (2) the amount of damages awarded by the jury is so inadequate as to warrant a new trial.

II

Under the collateral source rule, a tortfeasor may not reduce his or her liability merely because the plaintiff has recovered money from sources that are "collateral to, or independent of, the tortfeasor." *Phillips v. Western Co. of N. Am.*, 953 F.2d 923, 929 (5th Cir. 1992). "The substantive rule of no reduction carries with it an evidentiary rule requiring the exclusion of evidence of any collateral benefits." *Id.* Glasper asserts that the jury heard evidence and argument concerning Glasper's workers' compensation claim arising the same accident at issue in this lawsuit. He contends that his workers' compensation benefits are a collateral source, any mention of which should have been excluded. However, Glasper failed to properly object to the evidence and argument about his workers' compensation claim. Accordingly, he has waived his right to appeal this issue. *See Rojas v. Richardson*, 703 F.2d 186, 189 (5th Cir. 1983).

Glasper also contends that a new trial is necessary because the jury awarded inadequate damages. When ruling on such a request for a new trial, "[t]he role of the district court is to determine whether the jury's verdict is within the confines set by state law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415 (1996) (quoting *Browing-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 279 (1989)). Mississippi law permits a new trial where the amount of damages awarded is contrary to the overwhelming weight of credible evidence. *See* Miss. Code § 11-1-55;

*Harvey v. Wall*, 649 So.2d 184, 187 (Miss. 1995). Glasper contends that he presented uncontroverted evidence of damages totaling over $40,000. Thus he asserts that the jury's conclusion that Glasper suffered only $5,000 in damages is contrary to the overwhelming weight of the evidence.

In assessing Glasper's claim, "all the evidence must be viewed in a light most favorable to the jury's verdict, and . . . the verdict must be affirmed unless the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable persons could not arrive at a contrary conclusion." *Dawson*, 978 F.2d at 208. The record in this case contained evidence that Glasper's lost wages and medical expenses were caused in part by past back problems, not by the accident at issue in this case. Thus the district court did not abuse its discretion in concluding that a reasonable jury could have found that the accident caused Glasper $5,000 in damages.

III

Accordingly, we affirm the district court.